UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRIAN M CASEY and
CORNELIUS CANADY,

       Plaintiffs,

vs.                                                  Case No.: _____
                                                      Local Case No.: 2019-CA-426

CENTURION OF FLORIDA,

       Defendant.
_____/

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant, Centurion of Florida ("Centurion" or "Defendant") gives notice of the removal to this Court of the case styled *Casey v. Centurion of Florida*, Case No. 2019-CA-426, filed in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, based on federal question jurisdiction. As grounds for removal, Defendant states:

**I. Background**

On September 17, 2019, Plaintiffs Brian M. Casey and Cornelius Canady, who allege that they are currently incarcerated, served Defendant with a copy of their Complaint and "Supplemental Complaint."[1] The Complaint and Supplemental Complaint were filed in the case styled *Casey v. Centurion of Florida*, Case No. 2019-CA-426, in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida. Plaintiffs assert a variety of claims against Defendant, including claims for violations of their rights under the First, Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States ("Constitution"), for deliberate

---

[1] Plaintiffs served a copy of the Supplemental Complaint with their original Complaint. It appears that the Supplemental Complaint is an amended complaint.

indifference to medical needs, medical malpractice, negligent training, negligent supervision, falsifying medical records, submitting false medical records to the Florida Department of Corrections, failing to report violations to the warden, engaging in unauthorized surveillance , battery, and denying Plaintiffs equal protection of their rights under law.

## II. Grounds for Removal

This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' claims arise under the Constitution and federal law.  Additionally, this Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C.  § 1367 because Plaintiffs' state law claims are so related to the claims over which this Court has original jurisdiction that they form the same case or controversy and derive from a common nucleus of operative facts.

### a.  Federal Question Jurisdiction

This Court has original subject matter jurisdiction over this case because Plaintiffs' claims arise under the Constitution and federal law.  *See* 28 U.S.C. § 1331 (United States District Courts have original subject matter jurisdiction for "all civil actions arising under the constitution, laws, or treaties of the United States.").  In the Supplemental Complaint, Plaintiffs allege that Defendant violated their rights under the Constitution and federal law.  Specifically, Plaintiffs allege that Defendant "uses both written and unwritten policies in a scheme to interfere with constitutional rights and deny medical care to a victim of crime in violation of First, Fourth, Eighth and Fourteenth Amendment rights and corresponding Florida Constitution, deliberate indifference negligence and malpractice [sic]."  *See* Supplemental Complaint, p. 5.  Accordingly, this Court has original jurisdiction over this case under 28 U.S.C. § 1331.

### b. Supplemental jurisdiction

Plaintiffs raise additional claims in the Supplemental Complaint that arise under state law, such as negligent training, negligent hiring, and filing false records with the Florida Department of Corrections.  *See* Supplemental Complaint, p. 2.  This Court has supplemental jurisdiction over Plaintiffs' state law claims because the claims derive from a common nucleus of operative fact such that Plaintiffs would ordinarily be expected to try the claims in one judicial proceeding.  *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, (1966); *see also* 28 U.S.C. § 1367(a) (in any action where the United States District Courts have original jurisdiction, the Courts "shall have supplemental jurisdiction over all other claims that are so related to claims in the action with such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

Plaintiff Brian Casey's claims derive from the allegations that Defendant or another entity implanted a listening device in Mr. Casey's brain that broadcasts his thoughts to other inmates.  *See* Supplemental Complaint, p. 2.  Plaintiff Cornelius Canady's claims derive from the allegations that he was denied medical treatment. *Id.* at p. 4.  Accordingly, this Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

### III.  Procedural Matters

### a.  Venue

Venue properly rests in the Tallahassee Division of the United States District Court for the Northern District of Florida since Defendant is removing this case from the state court where it was originally filed—the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida.  *See* 28 U.S.C. § 1441(a) and N.D. Fla. L.R. 3.1(B).

**b. Pleadings and other papers**

Defendant has attached as Composite Exhibit "A" a copy of each paper filed or served in the state court as of the date of this Notice of Removal. *See* 28 U.S.C. § 1446(a); N.D. Fla. L.R. 7.2(A). These papers include the following:

| | |
|---|---|
| A. | Complaint |
| B. | Affidavit for Civil Indigent Status |
| C. | Order to Comply |
| D. | Notice of Change of Address |
| E. | Motion for Rehearing |
| F. | Motion to Accept Motion for Rehearing |
| G. | Amended Affidavit for Civil Indigent Status |
| H. | Notice of Change of Address |
| I. | Notice of Inquiry |
| J. | Motion to Hear and Rule |
| K. | Motion for Leave to Appear in Forma Pauperis |
| L. | Motion to Hear and Rule |
| M. | Order Granting Leave of Court to Proceed as Indigent |
| N. | Letter to the Clerk |
| O. | Motion for Class Action Certification |
| P. | Emergency Motion for Telephonic Hearing |
| Q. | Motion to Transport Prisoner and Petition for Writ of Habeas Corpus |
| R. | Motion to Transport |
| S. | Motion to Appoint Counsel |
| T. | Motion for Emergency Hearing |
| U. | Motion for Preliminary Injunction |
| V. | Supplemental Complaint |
| W. | Letter to Clerk |
| X. | Summons Issued |

**c. Notice of filing**

Defendant will file a Notice of Filing Notice of Removal with the Clerk of the Court for the Second Judicial Circuit and will give written notice thereof to all parties. *See* 28 U.S.C. § 1446(d). A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit "B."

### d. Notice of removal is timely

Defendant timely filed this Notice of Removal within thirty days after Defendant first ascertained that this case was removable. *See* 28 U.S.C. Section 1446(b)(1). Defendant first ascertained that this case was removable on September 17, 2019, when Plaintiffs served Defendant with their Complaint and "Supplemental Complaint."

WHEREFORE, Defendant Centurion of Florida respectfully requests that this Court assume jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1441, of the above-described action now pending in the Second Judicial Circuit in and for Leon County, Florida.

    Respectfully submitted,

*s/ Francis H. Sheppard*
FRANCIS H. SHEPPARD
Florida Bar No.: 0442290
E-mail: fsheppard@rumberger.com
VICTOR G. SANABRIA
Florida Bar No.: 125292
E-mail: vsanabria@rumberger.com
RUMBERGER, KIRK, & CALDWELL, P.A.
300 South Orange Avenue, Suite 1400
Orlando, Florida 32801
Tel: 407.872.7300
Fax: 407.841.2133
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail this 7th day of October, 2019, to:

| | |
|---|---|
| Brian M. Casey DC 139647<br>Suwannee Correctional Institution<br>5964 U.S. Hwy 90<br>Live Oak, FL 32060<br>**(pro se Plaintiff)** | |

*s/ Francis H. Sheppard*
FRANCIS H. SHEPPARD
Florida Bar No.:  0442290
E-mail:  fsheppard@rumberger.com
VICTOR G. SANABRIA
Florida Bar No.:  125292
E-mail:  vsanabria@rumberger.com
RUMBERGER, KIRK, & CALDWELL, P.A.
A Professional Association
300 South Orange Avenue
Suite 1400
Orlando, Florida 32801
Tel:  407.872.7300
Fax:  407.841.2133
Attorneys for Defendant