UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRIAN M. CASEY and CORNELIUS
CANADY,

  Plaintiffs,

v.             Case No.  4:19-cv-491-AW/MJF

CENTURION OF FLORIDA, *et al.*,

  Defendants.
_____/

## REPORT AND RECOMMENDATION

  This matter is before this court on Plaintiff Brian M. Casey's "Motion to Remand These Proceedings Back to State Court" (Doc. 28) and Defendant Centurion of Florida, LLC's response thereto.[1]

### I. BACKGROUND

  On or about February 13, 2019, Plaintiff Brian M. Casey, a Florida prisoner proceeding *pro se*, commenced this action in the Circuit Court for Leon County, Florida, Case No. 2019-CA-426. (Doc. 1-1 at 2). Casey's complaint named only one defendant: Centurion of Florida, LLC ("Centurion"). (*Id.*).

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

On June 28, 2019, in the Florida Circuit Court, Casey and Plaintiff Cornelius Canady filed a "Supplemental Complaint," which joined Canady as a Plaintiff. (Doc. 1-1 at 30-34). In this supplemental complaint, Plaintiffs asserts, among other things, that Centurion violated Plaintiffs' constitutional rights under the First, Eighth, and Fourteenth Amendments of the United States Constitution. Specifically, Casey alleges that Centurion's employees used excessive force against Casey and caused serious injuries on at least two occasions. Casey further alleges that Centurion's employees failed to provide him medical care (*i.e.*, they "would not treat broken and painful bones") and took steps to prevent him from receiving adequate medical care. (Doc. 1-1 at 31-32). Similarly, Canady alleges that he was denied medical care after being beaten and stabbed by an inmate.

Plaintiffs allege that Centurion's employees "have a policy of deliberate indifference to both serious medical needs and serious mental health needs with an unwillingness to respond to inmates request for treatment." (*Id.* at 30-31). Plaintiffs assert that although Centurion has a policy that an inmate must be referred to a specialist after making three sick calls, Centurion frequently alters the staffing by nurses to preclude an inmate from satisfying the "three sick calls" requirements. (*Id.* at 32). Plaintiffs further allege that Centurion "uses both written and unwritten policies in a scheme to interfere with constitutional rights and deny medical care to

victims of a crime in violation of First, Fourth, Eighth and Fourteenth Amendment rights." (Doc.1-1 at 34).

Plaintiffs filed their joint supplemental complaint at a time when both Canady and Casey were incarcerated at Jefferson Correctional Institution. (*Id.* at 30). Casey moved to proceed as an indigent. The clerk of the state court determined that Casey was indigent, issued summonses, and directed service of the complaint. (*Id*. at 11-14, 38).

On October 7, 2019, Centurion removed Plaintiffs' case to the United States District Court for the Northern District of Florida. (Doc. 1). In his "Remand These Proceedings Back to State Court," Casey challenges the court's subject-matter jurisdiction.[2]

## II. DISCUSSION

Federal courts are courts of limited jurisdiction, and they possess only the power authorized by Congress and the Constitution. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The validity of a federal court's order depends upon that court having subject-matter jurisdiction. *Ins. Corp. of Ir. v. Compagnie des*

---

[2] Under the Federal Rules of Civil Procedure, when multiple plaintiffs proceed without counsel, any document filed on their behalf must be signed, personally by each of them. Fed. R. Civ. P. 11(a)(2). The motion to remand was not signed by Plaintiff Canady.

*Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Absent a grant of subject-matter jurisdiction from Congress, a court "is powerless to act." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *Wernick v. Mathews*, 524 F.2d 543, 545 (5th Cir. 1975) (noting that absent jurisdiction a court is "powerless to consider the merits" of a case). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868).

Article III of the United States Constitution empowers Congress to give federal courts jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority." U.S. Const. art. III, § 2, cl. 1. The Supreme Court has broadly construed the "arising under" language of Article III to extend "to all cases in which a federal question is 'an ingredient' of the action." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807 (1986) (quoting *Osborn v. Bank of United States*, 22 U.S. (9 Wheat.) 738, 823 (1824)). Under a federal court's federal-question jurisdiction, a state-court action "that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

To determine whether a federal court enjoys federal-question jurisdiction over an action, the court first must look at the subject matter of the "well-pleaded complaint." *Id.*; *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9 (1983); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) (observing that "a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon" federal law). Federal-question jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392; *see Rivet v. Regions Bank of La.*, 552 U.S. 470, 475 (1998). Courts look to the substance, not merely the labels, of the plaintiff's claims as contained in his complaint. *See Mosher v. City of Phoenix*, 287 U.S. 29, 30 (1932). Through the well-pleaded complaint rule, the "plaintiff is absolute master of what jurisdiction he will appeal to." *Healy v. Sea Gull Specialty Co.*, 237 U.S. 479, 480 (1915); *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 23 (1913) (observing that "the party who brings a suit is master to decide what law he will rely upon").

A civil action "arises under" federal law at least when a federal statute creates the cause of action. *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916); *see Mims v. Arow Fin. Servs., LLC*, 565 U.S. 368, 371-72 (2012); *Hudson Ins. Co. v. Am. Elec. Corp.*, 957 F.2d 826, 828 (11th Cir. 1992). That is, "federal jurisdiction attaches when federal law creates the cause of action asserted." *Merrill

*Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. ___, 136 S. Ct. 1562, 1569 (2016); *Mims*, 565 U.S. at 378 (observing that "when federal law creates the cause of action and furnishes the substantive rules of decision, the claim arises under federal law, and the district courts possess federal-question jurisdiction under § 1331").

A "federally created claim for relief is generally a 'sufficient condition for federal-question jurisdiction.'" *Mims*, 565 U.S. at 377 (quoting *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 317 (2005)). A civil action authorized and created by federal law, therefore, falls within a district court's federal-question jurisdiction. *See Gunn v. Minton*, 568 U.S. 251, 257 (2013) (noting that "a case arises under federal law when federal law creates the cause of action asserted" and that a claim "arose under federal law" "because it was authorized" by federal statutes); *Hill v. Marston*, 13 F.3d 1548, 1549 (11th Cir. 1994) (noting that a case "arises under" federal law "if it is federal law that creates the cause of action"). Indeed, "the vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow Pharm., Inc.*, 478 U.S. at 808; *see Grable & Sons Metal Prod., Inc.*, 545 U.S. at 312 (noting that federal-question jurisdiction under section 1331 "is invoked by and large by plaintiffs pleading a cause of action created by federal law"). Courts look to see if a federally-created right is an essential element of a

plaintiff's cause of action. *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936) ("To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.").

Section 1343 provides that district courts shall have original jurisdiction over civil actions commenced to "redress the deprivation, under color of any State law, statute, ordinance, regulation custom or usage, of any right, privilege or immunity secured by the Constitution of the United States." 28 U.S.C. § 1343(a)(3). Under this statute, a court has federal subject matter jurisdiction over claims brought pursuant to section 1983 of Title 42 of the United States Code. *Fountain v. Metro. Atlanta Rapid Transit Auth.*, 678 F.2d 1038, 1041 n.7 (11th Cir. 1982) (noting that 42 U.S.C. § 1983 is only a remedial statute and "does not itself bestow jurisdiction upon the district court" rather the source of jurisdiction for the court to hear a section 1983 claim comes from 28 U.S.C. § 1343(3)).

Here, Plaintiffs allege in their joint supplemental complaint that Centurion, while acting under color of state law,[3] violated their constitutional rights by

---

[3] "When a private entity . . . contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state. In so doing, it becomes the functional equivalent of the municipality." *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) (citations omitted); *see Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

demonstrating deliberate indifference to serious medical needs and by employing excessive force on Casey. From the face of the complaint, it is apparent that Centurion properly could remove this case to federal court pursuant to § 1331 and § 1343. *See Franchise Tax Bd.*, 463 U.S. at 13 (noting that if any "cause of action" set forth in the complaint comes within the original jurisdiction of the federal courts, removal is proper as to the whole case). As to Plaintiffs' state-law claims, a federal court may exercise supplement jurisdiction insofar as these claims are related and arise from the same set of facts and circumstances giving rise to Plaintiffs' federal claims. *See* 28 U.S.C. § 1367(a). Because the district court enjoys subject-matter jurisdiction over Plaintiffs' claims, Centurion had a sufficient basis to remove this case to federal court.

Casey asserts that he did not intend for his "supplemental complaint" to be the operative complaint, and that his original complaint—which he claims should be the operative complaint—failed to allege a federal cause of action. (Doc. 28 at 1). This assertion is simply incredible. Furthermore, Casey has not moved to strike or withdraw his "supplemental complaint." He also has not amended his complaint to omit the federal claims asserted in his "supplemental complaint."[4] Regardless, even

---

[4] Even after the undersigned directed Plaintiffs to amend their complaint, Casey filed an amended complaint pursuant to 42 U.S.C. § 1983, which alleges violations of the Eighth and Fourteenth Amendments of the United States Constitution. (Doc. 33). If Casey truly desires to divest the district court of jurisdiction, he *promptly* should amend his complaint and omit any claims under federal law and the United States

Casey's original complaint asserted that he was bringing claims for "denial of medical care; medical fraud, personal injury; and malpractice in violation of the laws and *Constitution of the United States of America* and Florida," and that he was bringing the action pursuant *to 42 U.S.C. § 1981* because Centurion purportedly violated Casey's Eighth and Fourteenth Amendment rights. (Doc. 1-1 at 2, 5) (emphasis added).[5] Because Casey's original complaint asserted claims pursuant to federal law and over which the district court properly could exercise federal-question jurisdiction, Centurion would have had a sufficient basis to remove Casey's case if his original complaint were still the operative pleading. *See Franchise Tax Bd.*, 463 U.S. at 13, (noting that if any "cause of action" set forth in the complaint comes within the original jurisdiction of the federal courts, removal is proper as to the whole case). Accordingly, the district court enjoys subject-matter jurisdiction over this action, and Centurion properly exercised its right to remove this action to a federal court.

---

Constitution. *See PTA-FLA, Inc. v. ZTE U.S.A., Inc.*, 844 F.3d 1299, 1307 (11th Cir. 2016).

[5] Presumably Casey meant to assert a claim under 42 U.S.C. § 1983 and not § 1981. Regardless, both are federal statues, and the district court properly could exercise federal-question jurisdiction over both such claims.

## III. CONCLUSION

For the reason set forth above, the undersigned respectfully **RECOMMENDS** that the district court **DENY** Plaintiff Casey's motion to "Remand These Proceedings Back to State Court."

At Panama City, Florida this 23rd day of October, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**