LEGAL MAIL
Provided to Wakulla CI
MAR 2 2 2021
for mailing

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA**
Tallahassee Division

# CIVIL RIGHTS COMPLAINT FORM FOR
## PRO SE, PRISONER LITIGANTS IN ACTIONS UNDER
## 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983, 42 USC 1988

Brian M. Casey,

Inmate ID Number: 139647,

_____,

*(Write the full name and inmate ID number of the Plaintiff.)*

Plaintiff's Third Amended Complaint

Case No.: 4:19-cv-491 AW/MJF
*(To be filled in by the Clerk's Office)*

v.

Centurion of Florida, LLC.,

Felipe Colombani,

Mark Inch,
*(Write the full name of each Defendant who is being sued. If the names of all the Defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*
" See attached "  /

**Jury Trial Requested?**
☐ YES  ☐ NO

FILED USDC FLND TL
MAR 26 '21 PM 12:24



NDFL Pro Se 14 (Rev 12/16) Civil Rights Complaint Prisoner
ClerkAdmin/Official/Forms

1

# I. PARTIES TO THIS COMPLAINT

## A. Plaintiff

Plaintiff's Name: Brian M. Casey    ID Number: 139647

List all other names by which you have been known: _____

Current Institution: Wakulla Correctional Institution.

Address: 110 Melaleuca drive
Crawfordville, Fl. 32327

## B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *every* Defendant:

1. Defendant's Name: Centurion of Florida, LLC.

    Official Position: Contract Medical Company

    Employed at: Florida Department of Corrections

    Mailing Address: 1203 Governors Square Blvd.
    Tallahassee, Florida 32299

    ☒ Sued in Individual Capacity        ☐ Sued in Official Capacity

2. Defendant's Name: Felipe Colombani

    Official Position: Nurse practioner

    Employed at: Centurion of Florida, LLC.

    Mailing Address: 1203 Governors Square Blvd.

    Tallahassee, Fl 32399

    ☒ Sued in Individual Capacity    ☐ Sued in Official Capacity

3. Defendant's Name: Mark Inch

    Official Position: Secretary Department of Corrections

    Employed at: Florida Department of Corrections

    Mailing Address: 501 S. Calhoun street

    Tallahassee, Fl 32399

    ☐ Sued in Individual Capacity    ☒ Sued in Official Capacity

*(Provide this information for all additional Defendants in this case by attaching additional pages, as needed.)*

## II. BASIS FOR JURISDICTION

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), you may sue federal officials for the violation of certain Constitutional rights.

Are you bringing suit against *(check all that apply)*:

☐ Federal Officials *(Bivens case)*    ☒ State/Local Officials *(§ 1983 case)*

## III. PRISONER STATUS

Indicate whether you are a prisoner, detainee, or in another confined status:

☐ Pretrial Detainee          ☐ Civilly Committed Detainee

☒ Convicted State Prisoner   ☐ Convicted Federal Prisoner

☐ Immigration Detainee       ☐ Other *(explain below)*:

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the *facts* which show why you are entitled to relief. Describe how *each* Defendant was involved and what each person did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal argument, quote cases, cite to statutes, or reference a memorandum.*** You may make copies of the following page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages

should be attached. ***Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.***

1) Plaintiff is a prisoner of the Florida Department of Corrections. He is labeled a "code black" inmate by prison officials. A code black inmate is one that cannot recieve assistance in any form from medical contract workers because prison officials want the death of the inmate. It is because of this classification that Centurion of Florida, LLC. has a policy to assist the Department of Corrections at each institution in the State of Florida in a systematic murder scheme. The Company will not allow evidence to be collected of beatings that crippled and disabled Plaintiff. As the symptoms of beatings from Company employee and Corrections officers worsen in plaintiff his complaints are disregarded. The complaints plaintiff makes are removed from his medical files at each institution he is transfered to. The Company uses a false mental health prison classification to cause prison to prison transfer for years. This continual prison to prison transfer prevents individual liability of the care providers at each institution from being discovered. The use of a Company protocol requiring an inmate to see a "sick call" nurse three times before a patient/inmate can be examined by a doctor is interupted by prison to prison transfer. The Company uses fraud to cause prison to prison transfer of Plaintiff in scheme to employ company protocol

**Statement of Facts Continued** *(Page ___ of ___)*

sick call procedures to prevent specialist care referrals. Where plaintiff cannot access sick call procedures three times with the same sick call providers to recieve doctor referrals for worsening symptoms. The company is involved in state wide fraud using protocol and procedures as a means to deny medical treatment. Exhaustion of grievances is impossible.

2) In order for the company to maintain a contract with the State of Florida Department of Corrections each employee must follow the directions of security employees at each institution concerning the care of a prisoner. This policy of Centurion of Florida, LLC to base medical care decisions on institutional needs instead of the need of an inmate/patient is the basis for the instant lawsuit. The administration of Centurion of Florida, LLC, including its director Lay, all have personal knowledge of the Department of Corrections requirement that security of an institution dictates the level of care the Plaintiff recieves. In Plaintiff's case the Department of Corrections seeks the death of Plaintiff. Plaintiff is beaten without medical care for injuries. He does not recieve medical care causing paralysis. Plaintiff is accused of having delusional mental health problems he does not have and isolated to mental health cells for years. He is continously transfered from prison to prison and administered involuntary drugs without relief: See attached "Continuation Section

Statement of Facts Continued, Section IV from page 6 (page ___ of ___) should be attached. ~~Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.~~

3) On April 4, 2017 I was involuntarily placed in Santa Rosa Correctional Institutions mental health institution without any real justification. Upon admittance nurse practitioner Mac Arthur sat me down on an exam table and he asked me about a murder victim named "Larrick". He and four officers went behind me and beat on my back until my neck and spine were were broke. I complained and I was seen by a sick call nurse. I was given x-ray exams of the spine and ribs. All my complaints and injuries weren't documented by any staff. It also appeared that the X-ray technichian was over exposing all the films by repeatedly pressing the button for exposure at least 20 times on each film and pose. I was sent to Southwest Florida Reception Center when I didn't sign a consent to be admitted to the mental health unit after approximately one week. I complained of pain in the spine, neck, pelvis and shoulders. Dr. Frank did not write down my real complaints and he ordered x-rays. Shortly thereafter I was transferred to Martin Correctional Institution and care providers refused to treat me or examine me. A nurse showed me a Shriver, LLC radiologist form that described I needed further analysis of the spine beyond x-ray submitted to the company ~~previous to the meeting~~. She also told me my saccral spine was broken and she showed me a record relating to that. I was never refered to a specialist for care and my filed contained the words "Thinned", meaning all my

**Statement of Facts Continued** *(Page ___ of ___)*

complaints and other documents were being removed and destroyed. The nurses kept placing my file in the sick call schedule as a repeating cycle. Upon complaints I never recieved anything more than another sick call exam by a nurse. The employees were delaying treatment so the bones would heal and evidence of crimes would not be recorded in my file. To delay treatment the Company kept placing me involuntarily in mental health facilities without real justification or my consent. I was isolated to cells and denied all medical treatment for years. The employees were using these circumstances to cover the crimes that took place and allow time for bones to heal. I began to experience paralysis in my left foot and other nerve damage pain and symptoms without relief. I was subsequently transferred to Hamilton Correctional Institution and upon complaint I was examined by Felipe Colombani. Colombani knew my case and treated me as if I had a new injury. He ordered predisone for bone strengthening and X-ray examination. I did not recieve medical treatment for paralysis and nerve pain.

4) A subsequent transfer to Jefferson Correctional Institution placed me in another sick call cycle of only being examined by sick call nurses for worsening problems and symptoms as a result of the April 4, 2017 beating by Company employee MacArthur. The sick call nurses did not treat my symptoms of paralysis and spinal nerve injuries or refer me to a specialist but placed me back in the sick call protocol scheduling. The Company then had a recommendation filed to place me involuntarily in a mental health unit without real cause to isolate me to a cell and interfere with treatment by another prison to prison transfer to a mental health facility.

Statement of Facts Continued:

5) The care providers at each institution delayed treatment for spine damage and did not take measures to preserve or document my true medical condition to cover crimes. The care providers used protocols concerning sick call to deny treatment as well as an unwritten policy to deny treatment to inmates security employees beat and assault. The radiological reports are untrue and evidence of spinal damage were destroyed. Plaintiff suffers both nerve damage and structural damage in the neck and spine causing paralysis in the extremities with nerve pain. He has been disabled and cannot continue to work in his field as an airconditioning technician. The emotional impact of being beaten by a group of men and the company employee MacArthur coupled with denial of medical care to cover the crimes has caused severe deppression, sleeplessness and constant fear. The isolation of Plaintiff to cells as he is accused of mental illnesses he does not have by company employees only seeking to limit personal liability by constant prison to prison transfer has been emotionally humiliating.

6) During these years of torture and abuse Mark Inch was secretary of the Dept. of Corrections. He knew Plaintiff was considered a "Code black" inmate. Inch would not participate in responses to the grievances filed by Plaintiff of serious nature so as to limit his liability in the case. Inch knew Plaintiff was being cruelly treated and he would not intervene in any way. Mark Inch will not allow indigent prisoners to make copies of their medical files without prepayment of copy fees to forestall a cause of action as a policy.

9

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section III. If more than one Defendant is named, indicate which claim is presented against which Defendant.

See attached "Continuation Section V" p. 17 Pursuant to 42 USC 1988:

1) Defendant Centurion of Florida, LLC has interfered with the Constitutional rights of Plaintiff resulting in permanent injury to cover crimes of abuse and denial of medical care that is cruel and unusual. See 18 USC 241-242. The actions of the Company to destroy evidence of crimes or fail to

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

See attached "Continuation Section VI" p. 17-19

**ATTENTION:** *The Prison Litigation Reform Act ("PLRA") does not permit awards for punitive or compensatory damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." 42 U.S.C. § 1997e(e).*

## VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

The PLRA requires that prisoners exhaust all available administrative remedies *(grievance procedures)* before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.*

## VIII. PRIOR LITIGATION

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a "strike"?

☒ YES   ☐ NO

If you answered yes, identify the case number, date of dismissal and court: See attached "Continuation Section VIII" p. 19

1. Date: 4·14-   Case #: _____

   Court: _____

2. Date: _____   Case #: _____

   Court: _____

3. Date: _____   Case #: _____

   Court: _____

*(If necessary, list additional cases on an attached page)*

B. Have you filed other lawsuits in either *state or federal court* dealing with the same facts or issue involved in this case?

☒ YES   ☐ NO

If you answered yes, identify the case number, parties, date filed, result *(if not still pending)*, name of judge, and court for each case *(if more than one)*:

1. Case #: 2017CA 574   Parties: Casey v. State

Court: <u>Martin Co. Court</u>   Judge: <u>unknown</u>

Date Filed: <u>June 2017</u> Dismissal Date *(if not pending)*: <u>unknown</u>

Reason: <u>unknown disposition of habeas corpus proceeding.</u>

2. Case #: <u>2020CA31240</u>   Parties: <u>Casey v. State</u>

Court: <u>Volusia Co. Court</u>   Judge: <u>Hon. Leah Case</u>

Date Filed: <u>Oct. 2020</u> Dismissal Date *(if not pending)*: <u>Jan. 13, 2021</u>

Reason: <u>lack of jurisdiction.</u>

C. Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?

☒ YES   ☐ NO

If you answered yes, identify all lawsuits:

1. Case #: <u>2:15-cv-696</u>   Parties: <u>Casey v. Attorney General</u>

Court: <u>U.S. Dist Ct., Middle Dist. Fl.</u>   Judge: <u>Hon. Badalamenti</u>

Date Filed: <u>Oct. 2015</u> Dismissal Date *(if not pending)*: _____

Reason: _____

2. Case #: <u>2:16-cv-821</u>   Parties: <u>Casey v. Attorney General</u>

Court: <u>U.S. Dist. Ct., Middle Dist. Fl.</u>   Judge: <u>Hon. Badalamenti</u>

Date Filed: <u>Jan. 2016</u> Dismissal Date *(if not pending)*: _____

Reason: _____

3. Case #: <u>2:20-cv-138</u>   Parties: <u>Casey v. Attorney General</u>

Court: _U.S. Dist Ct., Middle Dist._ Judge: _Hon. Badalamenti_

Date Filed: _March 2020_ Dismissal Date *(if not pending)*: _March 8, 2021_

Reason: _Moot_

4. Case #: _2:19-cv-676_ Parties: _Casey v. Ely_

Court: _U.S. District Ct., Middle Dist._ Judge: _Hon. Steele_

Date Filed: _____ Dismissal Date *(if not pending)*: _____

Reason: _Mandamus improper remedy_

5. Case #: _4:14-cv-151_ Parties: _Casey v. State_

Court: _U.S. Dist. Court, Middle Dist._ Judge: _Unknown_

Date Filed: _Unknown_ Dismissal Date *(if not pending)*: _____

Reason: _Unknown_

6. Case #: _5:14-cv-190_ Parties: _Casey v. State_

Court: _US. Dist. Court, Middle Dist._ Judge: _Unknown_

Date Filed: _Unknown_ Dismissal Date *(if not pending)*: _____

Reason: _Unknown_

*(Attach additional pages as necessary to list all cases.* **Failure to disclose all prior cases may result in the dismissal of this case.***)*

_See attached Continuation Section VIII(C) - p. 19_

## IX. CERTIFICATION

I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct. Additionally, as required by Federal

Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: 3-22-2021    Plaintiff's Signature: *Brian M. Casey*

Printed Name of Plaintiff: Brian M. Casey

Correctional Institution: Wakulla Correctional Institution

Address: 110 Melaluca dr.

Crawfordville, Fl 32327

**I certify and declare, under penalty of perjury, that this complaint was (*check one*) ☒ delivered to prison officials for mailing or ☐ deposited in**

the prison's mail system for mailing on the ___22ⁿᵈ___ day of ___3ʳᵈ Month___,
20 _21_.

Signature of Incarcerated Plaintiff: _Brian M. Casey_

<u>Certificate of Service</u>

I certify copy on Frank Sheppard, Esq., 300 S. Orange Blvd, #1400, Orlando, Florida 32801 on above date.

Brian M. Casey
Brian M. Casey 139647
Wakulla Correctional Inst.
110 Melaluca drive
Crawfordville, Fl 32327

Statement of Claims Continued section V:

preserve evidence of injuries violates 42 USC 1981, 1985-86 (See affidavit of Jernetrus Watson.). Plaintiffs Due Process rights have been violated under the First, Fourth, Eighth and Fourteenth Amendments of the U.S. Constitution.

2) Defendant Felipe Colombani acted with wanton indifference to serious medical needs violating Due Process under the Eighth and Fourteenth Amendments. He also had knowledge that his actions were covering crimes in violation of 18 USC 241, 42 USC 1981 and the First and Fourteenth Amendments of the United States Constitution.

3) Defendant Mark Inch violated Plaintiffs Due Process rights by not participating in the grievance procedure of complaints alleging crimes and other serious nature resulting in permanent injury in violation of the Fourteenth Amendment of the United States Constitution. Mark Inch has violated the First and Fourth Amend. by not allowing a law library copy service of medical files for indigent copies.

Statement of Relief Requested section VI:

1) Defendant Centurion of Florida, LLC owes the Plaintiff actual damages and compensation for loss of feeling in extremities, pain and suffering, emotional distress, loss of ability to sue individual care providers and spoilation of administrative remedies due to prison to prison transfers and loss of future employment as owner/operator of AAA Cooling and Heating LLC. in the amount of $50,000,000.00

17

Relief Requested Continued section VI:

2) This Court should enter judgment for punitive damages in an amount double actual damages and in the amount of $100,000.00 for nominal damages.

3) A permanent injunction is required enjoining Centurion of Florida, LLC to provide medical exam by neurologist including MRI, Bone and Cat Scans, treatment by dermatologist for skin cancer and chemical dermatitis including Dove Soap and skin lotion; including expense and provisions to complete by any means all necessary procedures, surgeries, examinations and procedures recommended by specialists not associated with direct employment of Centurion of Florida, LLC. Centurion of Florida, LLC must also provide treatment for arthritis and all medicines needed for such treatment.

4) Defendant Colombani owes Plaintiff actual damages and compensation for loss of feeling in extremities, pain and suffering, emotional distress and loss of future employment as owner/operator of AAA Cooling and Heating, LLC. in the amount of $10,000,000.00. This Court should enter judgment for punitive damages in the amount double actual damages and in the amount of $100,000.00 in nominal damages.

<u>Relief Requested Continued Section VI:</u>

5. Plaintiff seeks declaration from this Court that Mark Inch violated Due Process Rights of Plaintiff under the Fourteenth Amendment of the United States Constitution by not participating in the prison grievances procedure of such nature as contained herein. A temporary and permanent injunction that the Fla. Dept. of Corrections must supply indigent law library services for copy of Plaintiffs medical files to the Plaintiff.

<u>VIII. Prior litigation Continued Sections (A), (B), (C):</u>

On or about April 19, 2020 prison employees took all my records of previously litigation at Dade Correctional Institution out of my cell. The records were never returned to me. I cannot provide the information requested through no fault of my own.

LEGAL MAIL

United States District Court
Clerk of Court
111 N. Adams Street
Tallahassee, Fl. 32301-7730