UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRIAN M. CASEY,

    Plaintiff,

v.                                           Case No.  4:19-cv-491-AW/MJF

CENTURION OF FLORIDA, LLC & N.
FONBAH,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Since Plaintiff Brian M. Casey ("Casey") commenced this case twenty months ago, he has filed two complaints in state court (before this case was removed to federal court) and at least nine complaints and amended complaints in federal court. All of Casey's complaints—including his amended complaints, proposed amended complaints, and proposed supplemental amended complaints—have in some respect violated the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Northern District of Florida. The undersigned afforded Casey three opportunities to correct the various deficiencies, but Casey never filed an amended complaint that substantially complied with the Federal Rules of Civil Procedure. Defendant has moved to dismiss the operative complaint—Casey's

second amended complaint— with prejudice because it is a "shotgun" pleading. This motion should be granted in part and denied in part.[1]

## I. BACKGROUND

On February 13, 2019, Casey, a Florida prisoner proceeding *pro se*, commenced this action in the Circuit Court for Leon County, Florida, Case No. 2019-CA-426. (Doc. 1-1 at 2). Casey's complaint named only one defendant: Centurion of Florida, LLC ("Centurion"). (*Id.*). Casey alleged that Centurion violated the Eighth Amendment insofar as it was deliberately indifferent to Casey's serous medical needs.

On June 28, 2019, in the Florida Circuit Court, Casey and fellow inmate Cornelius Canady filed a "supplemental complaint," in which Canady joined Casey as a Plaintiff. (Doc. 1-1 at 30-34).

On October 7, 2019, Defendant removed the case to the United States District Court for the Northern District of Florida. Defendant also filed a motion to dismiss or in the alternative a motion for a more definite statement. The undersigned granted the motion to the extent that Plaintiffs were required to amend their complaint on the

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

court-approved form. In the relevant order, the undersigned advised Casey that his complaint was an impermissible "shotgun" pleading. (Doc. 19 at 2-4).

On October 5, 2020, Casey filed an amended complaint (Doc. 33). On January 6, 2021, the undersigned severed Canady's claims from this case because it was clear that Casey and Canady had been improperly joined. The undersigned then directed Casey to amend his complaint because Casey had filed an incomplete complaint.

On February 3, 2021, Casey filed his second amended complaint, which is the operative complaint.[2] (Doc. 64). Casey's allegations are contained in five run-on paragraphs which span approximately seven pages. Casey failed to use paragraph numbers and did not discuss a single set of circumstances in any of his five paragraphs.

On March 26, 2021, without first seeking leave of the court or written consent of the Defendant, Casey filed a proposed third amended complaint. (Doc. 87). On April 1, 2021, the undersigned struck Casey's proposed third amended complaint because Casey had failed to properly seek the court's leave before filing the proposed complaint. In the relevant order, the undersigned provided Casey one final opportunity to correct his pleading deficiencies. The undersigned advised Casey that a "shotgun" pleading was impermissible and explained to Casey the steps he needed

---

[2] In his second amended complaint, Casey added Nurse Practitioner N. Fonbah as a Defendant. Fonbah has not yet been served.

to take to remedy his pleading deficiencies. (Doc. 88 at 4 & n.1). The undersigned informed Casey that he was required to comply with the Federal Rules of Civil Procedure, the court's orders, and the Local Rules of the United States District Court for the Northern District of Florida.

On April 2, 2021, Casey moved to file a proposed fourth amended complaint. (Docs. 98, 99). Then, on May 18, 2021, Casey moved to file a proposed fifth amended complaint. (Docs. 107, 108). The undersigned denied Casey's motions for leave to amend because *inter alia* the proposed amended complaints were "shotgun" pleadings which failed to comply with the Federal Rules of Civil Procedure and the Local Rules. (Doc. 116).

## II. DISCUSSION

A civil complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Furthermore, a civil complaint filed in federal court must contain "numbered paragraphs, each limited as far as practicable to a single set of circumstances . . . each claim founded on a separate transaction or occurrence—and each defense other

than a denial—must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). The purpose of these rules is "to require the pleader to present his claims discretely and succinctly" so the opposing party and the court can discern the nature of the plaintiff's claims. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). Additionally, it allows the court to "determine 'which facts support which claims,' 'whether the plaintiff has stated any claims upon which relief can be granted.'" *Id.* (quoting *Weiland*, 792 F.3d at 1320).

"A so-called 'shotgun pleading' is a complaint that violates Federal Rules of Civil Procedure 8(a)(2) or 10(b), or both." *Id.* (citing *Weiland*, 792 F.3d at 1320).

Shotgun pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Barmapov*, 986 F.3d at 1324 (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)). As the Eleventh Circuit has stated, it "is not the proper function of courts in this Circuit to parse out such incomprehensible allegations." *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) (citing *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1355 n.6 (11th Cir. 2018)).

Thus, when a district court receives a "shotgun" pleading, it must *sua sponte* give a plaintiff "one chance to replead before dismissing his case with prejudice on

non-merits shotgun pleading grounds." *Vibe Micro, Inc.*, 878 F.3d at 1296; *Toth v. Antonacci*, 788 F. App'x 688, 691 (11th Cir. 2019). "In these cases, even if the parties do not request it, the district court 'should strike the complaint and instruct counsel to replead the case.'" *Vibe Micro, Inc.*, 878 F.3d at 1295 (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1133 n.113 (11th Cir. 2001)); *Estate of Bass*, 947 F.3d at 1358. If the party squanders its opportunity by filing another shotgun pleading, the district court nevertheless can dismiss the complaint. *Barmapov*, 986 F.3d at 1326; *Vibe Micro, Inc.*, 878 F.3d at 1295.

A.     **Casey's Violations of the Federal Rules of Civil Procedure**

Here, Casey's second amended complaint violates the Federal Rules of Civil Procedure in at least four respects.

First, Casey did not differentiate each claim or cause of action into a different count. Although the complaint form for the Northern District of Florida instructs plaintiffs to "[n]umber each separate claim and relate it to the facts alleged in Section V," Casey wrote a single paragraph:

> Defendants interfered with constitutional rights causing permanent injury. 18 USC 242. Plaintiff was denied medical care as a victim of a crime. 843.21. F.S. as Defendants denied access to the Courts. 42 USC 1981. In a conspiracy that violates 42 U.S.C. 1985 and 42 USC 1986. The denial of medical care to inflict further injury leading to paralysis violates the Eighth Amend, U.S. Const. and interference with access to the courts violated the Fourth Amend., U.S. Const. The false medical reporting violated 18 USC 1503 in scheme to prevent lawsuit in this court. Defendants denied providing medical records for copying and

company practice of "thinning" or destroying records to prevent suit violated 18 USC 1503, 18 USC 242.

(Doc. 64 at 7). Although unclear, it appears that Casey seeks to raises several distinct federal claims and one Florida claim. It is not the court or the defendants' responsibility to sift through this paragraph to determine each of Casey's claims.

Second, assuming that Casey is asserting multiple claims, Casey does not identify the defendant(s) against whom he is asserting each claim. For example, in section II of Casey's second amended complaint, Casey identifies Centurion and N. Fonbah as defendants. (*Id.* at 2). But although he mentions denial of access to the courts, he fails to identify which (if any) defendant interfered with his right of access to the courts. Similarly, although Casey alleges that he was denied medical care, he does not identify any defendant who allegedly denied him medical care.

Third, Casey does not link his claims with the facts that he alleges. Thus, it is impossible to discern which of Casey's allegations are meant to support Casey's various claims.

Fourth, as noted above, Casey's statement of facts consists of only five paragraphs which span approximately seven pages. Casey does not use paragraph numbers to separate discrete circumstances, events, or claims. Casey also repeatedly includes vague and irrelevant allegations. For instance, Casey states

> Plaintiff suffers from chemical dermatitis on his feet and legs. . . . In 2015-2016, Plaintiff received Luberderm lotion and Dove soap by prescription to treat the areas on his legs and feet affected by chemical

dermatitis. Those prescription were discontinued by Defendant as a means to aggravate the condition and cause scarring of the skin. Plaintiff has suffered years of painful bleeding skin that is now permanently scarred and disfigured because of Defendant's scheme to cause rages and violent outbursts in him. Defendants have covered these crimes by stripping proof of skin conditions and Plaintiff's complaints out of the medical file. . . . These actions or ongoing crimes to cover the original crime by the company Defendant's plan to bar prisoner Plaintiff from criminal appeals by causing behaviorial [sic] problems in him. . . . On January 6, 2021, [Fonbah] refused to examine any skin problem Plaintiff had. As Fonbah removed Plaintiff's socks to stab Plaintiff's feet in paralysis exam with a sharp object testing feeling. Plaintiff complained of the chemical dermatitis and Fonbah refused to order Dove soap or Luberderm. Fonbah refused to exam any skin condition as he stabbed Plaintiff's feet hard enough to move them. Plaintiff could not feel the stabs in his feet and such paralysis is new since the above case has been filed. Fonbah's actions were reprisal as he threated to continue beatings on Plaintiff during the exam. Fonbah smiled as he viewed the painful scarred skin in such an exaggerated way as to evidence his glee though he wore a surgical mask on his face. This humiliated Plaintiff to such a degree he felt he was being attacked by a racist black nurse as a sadist. The emotional impact affects Plaintiff daily by Fonbah and Defendants actions with depression and sleeplessness. . . . There Defendant induced the depression in Plaintiff so doctors could prescribe medication that would hinder his ability to prepare criminal appeals. After entering into a scheme to induce depression and then prescribe dehabilitating [sic] medications. The company covered those crimes with false mental health reporting of Plaintiff being insane or delusional. Therefrom, holding Plaintiff in mental health facilities without cause for years. The Defendant planned a systematic murder of Plaintiff by paralysis and violent behavior in a prison system to stop the crimes from being discovered of the original plan to bar Plaintiff's criminal appeal and the beating that paralyzed him. Defendants built rage into Plaintiff and behavior problems. They then partially paralyzed him while refusing to collect evidence or destroying evidence. This was done to cause a violent confrontation with inmates or state resulting in death or death by cancer.

(Doc. 64 at 13-14) (grammatical and typographical errors in original).

### B. The Undersigned Afforded Casey Opportunities to Correct Deficiencies

The undersigned twice advised Casey that his relevant complaints were impermissible "shotgun" pleadings. (Docs. 19, 88). Additionally, the complaint form for the Northern District of Florida—which Casey used—plainly instructs plaintiffs to use numbered paragraphs, to separate each claim, to link each of the claims to specific facts in the complaint, and to state with specificity what each defendant did. (Doc. 64 at 5, 7). Casey contumaciously disobeyed the undersigned's detailed orders and the plain instructions of the complaint form.

The undersigned also provided Casey multiple opportunities to file a complaint that did not violate Rule 8 and Rule 10 of the Federal Rules of Civil Procedure. Casey, however, refuses to comply with these Rules.[3] Because Casey has

---

[3] Some of Casey's allegations are fanciful or the production of delusions. For example, Casey has alleged that the Defendant planned a systematic murder of Plaintiff and is attempting to cause a confrontation between Casey and other inmates or correctional staff that will result in Casey's death. (Doc. 64 at 14). He alleges that Defendants have "place[d] sedatives in his foods and drinks to induce a long periods of sleep for months at a time." (*Id.* at 11).

In his other filings, Casey indicates that as a part of this "code black" scheme to murder Casey, Centurion and the FDC are using computer programs to alter radio and television programs to induce Casey to act violently. (Doc. 91 at 7-8 ¶ 19). He alleges that Centurion maintained a group of inmates that would be housed with Casey for the sole purpose of antagonizing and angering Casey. (Doc. 111 at 19 ¶ 10). He alleges that other inmates are actually "paid actors told to antagonize Plaintiff with indirect threats or other communication meant to anger or inflame Plaintiff." (Doc. 100 at 5). He also alleges that the water supply in his cell has been contaminated to poison him. (Doc. 99 at 17 ¶ 5; Doc. 111 at 24 ¶ 28).

Casey believes that there is a cult-like group of militants composed of FDC and Centurion employees that "hold rallies and discuss how to murder inmates. . . .

been warned twice that he should not submit a "shotgun" pleading, has been given three opportunities to correct these deficiencies, and he has yet to submit a proposed amended complaint that complies with the Federal Rules and the Local Rules, Defendant's motion to dismiss Casey's federal claims should be granted and these claims should be dismissed. *See Toth*, 788 F. App'x at 692 (citing *Vibe Micro*, 878 F.3d at 1296-97).

C. **Casey's Claim Under State Law**

In addition to claims in which he alleges violations of his Constitutional rights, it appears that in his second amended complaint, Casey seeks to raise a claim of "denied medical care as a victim of a crime" under Florida law. To the extent, he is seeking to raise such a state law claim, this claim should be dismissed without prejudice so that Casey may raise it in a state court. *See Toth*, 788 F. App'x at 692 (citing *Vibe Micro*, 878 F.3d at 1296-97).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Defendant's motion to dismiss (Doc. 71) be **GRANTED IN PART** and **DENIED IN PART**.

---

The groups meet and post pictures of their rallies on the internet." (Doc. 111 at 20 ¶ 20). Casey alleges that he is a target of this militant group and that the FBI is aware of this group because the FBI has been surveilling Casey's thoughts. (*Id.*).

2. Casey's federal claims be **DISMISSED**.

3. Casey's claim under Florida law—that he was denied medical care as a victim of a crime—be **DISMISSED** without prejudice to Plaintiff raising such a claim in a court of the State of Florida.

4. The clerk of the court close this case.

At Pensacola, Florida this 21st day of June, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**